UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES B. GLASSTETTER, et al.,

    Plaintiffs,

v.                                           Case No. 16-11412

INTERNATIONAL UNION, et al.,

    Defendants.
                                       /

**OPINION AND ORDER GRANTING DISMISSAL**

Pending before the court is a Motion to Dismiss by Defendant General Motors, LLC, ("GM") seeking dismissal of the sole remaining claim. (Dkt. #26.) This court entered an order and opinion dismissing all other Defendants on the basis that no collective bargaining agreement had been breached, but GM did not join in that motion. (Dkt. #22.) Plaintiffs have filed a response, (Dkt. #28), and Defendants have filed a reply, (Dkt. #30). After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will dismiss Plaintiffs' claim against GM.

**I. BACKGROUND**

The facts and procedural history of this case and its companion[1] were described in detail in this court's earlier Opinion and Order Granting Dismissal, familiarity with which is presumed. (Dkt. #22.) Plaintiffs' remaining claim alleges a violation of Section

---

[1] *See Kosa v. Int'l UAW*, No. 13-11786, 2013 U.S. Dist. LEXIS 176611, *24 (E.D. Mich. Dec. 17, 2013); *Kosa v. Int'l UAW*, No. 13-11786, 2015 U.S. Dist. LEXIS 134544, *35 (E.D. Mich. Oct 2, 2015).

301 of the Labor and Management Relations Act, 29 U.S.C. § 185 *et seq.*, commonly described as a "hybrid Section 301" claim. In its earlier opinion, this court held that Plaintiffs could not maintain a hybrid Section 301 claim against Defendant labor unions because they had not sufficiently alleged a prerequisite: that the employer had breached a collective bargaining agreement. Armed with this favorable holding, GM now argues that *res judicata* requires dismissal of the same claim against it, the remaining Defendant employer. Without providing additional factual allegations, Plaintiffs respond that GM breached the 1993 GM-UAW Collective Bargaining Agreement when it unilaterally altered Plaintiffs' seniority dates, and that Plaintiffs are not necessarily required to proceed against the labor union in order to succeed against their employer.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt*, *Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

### III. DISCUSSION

Plaintiffs' responsive briefing does not add meaningfully to the arguments advanced when this court granted dismissal of the claims against the other Defendants. Their assertion that they should be permitted to maintain their claim against GM because it breached the 1993 GM-UAW Collective Bargaining Agreement ignores this court's earlier determination that the agreement had been superseded by subsequent agreements, such that "Plaintiffs simply have not made a plausible case that GM breached any relevant agreement [and] may not reach into the distant past to revive

provisions of inapplicable collective bargaining agreements to support their claim." (Dkt. #22, Pg. ID 594.) Plaintiffs' brief does not identify any other agreement that could support their theory. A Section 301 claim is necessarily predicated upon a breach of a collective bargaining agreement between a labor union and an employer, and since Plaintiffs have not sufficiently alleged a breach by GM, their claim will be dismissed. The fact that a Plaintiff who *succeeds* in alleging a breach by the employer is not also required to proceed against the labor union is irrelevant.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (Dkt. #26) is GRANTED. A separate judgment will issue.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2016, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522